IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LATEX GLOVES PRODUCT LIABILITY LITIGATION | : MDL DOCKET NO.: 1148 <br> : <br> : This document refers to: <br> : **R. Abraham v. Satari Corporation, et al., 02-CV-4606** |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Johnson & Johnson ("J&J"), for its answer to Plaintiff's Complaint, states as follows:

1. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is deemed necessary, J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2. J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies that it manufactured or sold latex gloves.

5. Insofar as the allegations of this paragraph are directed at J&J, J&J admits that it does business in Mississippi, but denies the remaining allegations. Answering further, J&J denies that it manufactured, sold, "engaged in the business of retailing" or distributed latex gloves.

6. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies that it manufactured or sold latex gloves.

7.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff believes, and denies each and every remaining allegation.  Answering further, J&J denies that it manufactured or sold latex gloves.

8.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff believes, and denies each and every remaining allegation.  Answering further, J&J denies that it manufactured or sold latex gloves.

9.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff believes, and denies each and every remaining allegation.  Answering further, J&J denies that it manufactured or sold latex gloves.

10.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations.  Answering further, J&J denies that it manufactured or sold latex gloves.

11.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations.  Answering further, J&J denies that it manufactured or sold latex gloves.

12.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations.  Answering further, J&J denies that it manufactured or sold latex gloves.

13.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies knowledge or information sufficient to form a belief as to the truth of the allegations.  Answering further, J&J denies that it manufactured or sold latex gloves.

14.     Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations.  Answering further, J&J denies it manufactured or sold latex gloves.

15. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies it manufactured, designed, constructed or assembled latex gloves.

16. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies it manufactured or sold latex gloves.

17. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations, including subparagraphs (1) through (6), inclusive. Answering further, J&J denies it manufactured or sold latex gloves.

18. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies it manufactured or sold latex gloves.

19. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies it manufactured or sold latex gloves.

20. The allegations of this paragraph are legal conclusions to which no response from J&J is required. To the extent a response is deemed necessary, J&J denies that it is liable to the Plaintiffs for any of the theories stated in this paragraph, including subparagraphs (1) through (7), inclusive. Answering further, J&J denies it manufactured or sold latex gloves.

21. To the extent that the allegations of this paragraph are legal conclusions, no response from J&J is required. To the extent that a response is deemed necessary, and insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations.

22. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations. Answering further, J&J denies it manufactured or sold latex gloves.

23. Insofar as the allegations of this paragraph are directed at J&J, J&J denies the allegations, including subparagraphs (1) through (5), inclusive. Answering further, J&J denies it manufactured or sold latex gloves.

**AFFIRMATIVE DEFENSES**

1. The losses, injuries, or damages of which Plaintiff complains were proximately caused by the comparative or contributory fault, negligence, or culpable conduct of the Plaintiff.

2. Plaintiff failed to file his claims in a timely manner, thus barring such claims under the applicable statutes of limitations and/or repose.

3. If the Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or by act of God.

4. If the Plaintiff incurred any loss, damage, injury, harm, expense, diminution or deprivation, these may have been caused by the Plaintiff's idiosyncratic reaction, without negligence, strict tort liability, or lack of care or any other breach of duty on the part of J&J.

5. The granting of relief prayed for in Plaintiff's Complaint is unconstitutional under the Mississippi and United States Constitutions in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

6. To the extent the Plaintiff's claims are preempted by federal statutes, such as the federal Food Drug & Cosmetic Act, such claims are improper.

7. Plaintiff has failed to join all persons and parties necessary for a just adjudication of the controversy.

8. The perils or dangers of which Plaintiff complains, to the extent they existed, which J&J denies, were open and obviously known to Plaintiff, who nevertheless conducted himself in such a manner as to expose himself to said perils and dangers.

9. Plaintiff failed to take proper and reasonable steps to avoid or to mitigate the damages alleged and, to the extent of such failure to mitigate or to avoid damages, Plaintiff's claims are barred and/or diminished as a result of their failure to exercise reasonable care in mitigating damages.

10. If in fact Plaintiff was damaged in any manner whatsoever, said damages, if any, were a direct and proximate result of the intervening and supervening conduct on the part of other named or unnamed parties over whom J&J has no control, and that such intervening and superseding conduct of said other parties was the sole legal cause of any injury or damages to Plaintiff and bars recovery herein as against J&J.

11. Any or all causes of action in Plaintiff's Complaint are barred because of the lack of privity between Plaintiff and J&J.

12. Plaintiff's Complaint fails to state any claim upon which relief can be granted as J&J did not manufacture, sell or distribute latex gloves.

13. Plaintiff fails to state a claim for which relief can be granted to the extent Plaintiff's claims are not recognized under Mississippi or Pennsylvania law.

14. Any punitive damages sought would be unconstitutional under the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1.

15. J&J asserts that all claims of Plaintiff are barred or diminished because of the failure of Plaintiff to preserve evidence.

16. Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of the Plaintiff.

17. Plaintiff's claim should be diminished in whole or in part in the amount paid to Plaintiff by any party or non-party with whom Plaintiff has settled or may settle.

18. Plaintiff has failed to plead product identification with particularity.

19. Plaintiff has failed to provide timely and adequate notice of any claims for breach of warranty.

20. J&J asserts that it intends to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserve the right to amend its answers to plead said defenses.

21. J&J hereby adopts and incorporates by reference, as if set forth fully herein, any affirmative defenses listed by any other Defendants in their answers to Plaintiff's Complaint to the extent that they are not factually or legally inconsistent with J&J's position.

WHEREFORE, Defendant Johnson & Johnson requests that this court dismiss Plaintiff's actions against it and grant any additional relief to which it may be entitled.

## **JURY DEMAND**

J&J hereby requests a trial by jury of all issues in this cause.

                                              Respectfully submitted

                                              _____

                                              Attorneys for Defendant
                                              Johnson & Johnson

John Dames, Esq.
David B. Sudzus, Esq.
Kelley Drye & Warren
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 346-6350