**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE LATEX GLOVE PRODUCT**<br>**LIABILITY LITIGATION:** | MDL-1148<br>(Judge Ludwig) |
| **ROBERT M. ABRAHAM, ET AL**<br>**PLAINTIFFS** | Civil Action No.<br>02-4606 |
| **vs.** | (Eastern District<br>of Pennsylvania) |
| **SATARI CORP., ET AL**<br>**DEFENDANTS** | Civil Action No.<br>1:02cv165GR<br>(Southern District<br>of Mississippi,<br>Southern Division) |

**ANSWER AND DEFENSES OF**
**DEFENDANT, MAXXIM MEDICAL**

  **COMES NOW** the Defendant, MAXXIM MEDICAL, by and through attorneys of record, and files this its *Answer and Defenses* to the Complaint served upon it and, in support thereof, would show unto the Court the following:

**FIRST DEFENSE**

  **AND NOW**, without waiving the above defense, the Defendant, MAXXIM MEDICAL, would answer and plead with respect to each numbered paragraph of the Plaintiff's Complaint as follows:

**SECOND DEFENSE**

  Plaintiff's Complaint and each Count of the Complaint fail to state a claim upon which relief can be granted.

**1.**

  The allegations of Paragraph Number 1 of the Plaintiff's Complaint contains conclusions of law and, therefore, no response is required of this Defendant.

**2.**

The allegations contained in Paragraph Number 2 of the Plaintiff's Complaint are admitted.

**3.**

Upon information and belief, the allegations contained in Paragraph Number 3 of the Plaintiff's Complaint are admitted.

**4.**

Other than admitting that, at one point in time, this Defendant manufactured latex gloves, this Defendant would state that it is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph No. 4 of the Plaintiff's Complaint and, therefore, this Defendant will neither admit nor deny same. To the extent that any allegations contained in Paragraph Number 4 of the Plaintiff's Complaint assert liability against this Defendant, same are denied.

**5.**

This Defendant will admit that, at one time, it was engaged in the manufacture, sale or distribution of latex gloves which may or may not have been sold in the State of Mississippi. To the extent that any allegations contained in Paragraph Number 5 assert any liability whatsoever against this Defendant, same are denied.

**6.**

This Defendant will admit that, at one time, it was engaged in the manufacture, sale or distribution of latex gloves which may or may not have been sold in the State of Mississippi. To the extent that any allegations contained in Paragraph Number 6 attempt to assert any liability whatsoever against this Defendant, same are denied.

**7.**

The allegations contained in Paragraph Number 7 of the Plaintiff's Complaint are denied.

**8.**

The allegations contained in Paragraph Number 8 of the Plaintiff's Complaint are denied.

**9.**

The allegations contained in Paragraph Number 9 of the Plaintiff's Complaint are denied.

**10.**

The allegations contained in Paragraph Number 10 of the Plaintiff's Complaint are denied.

**11.**

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph Number 11 of the Plaintiff's Complaint and, therefore, will neither admit nor deny same.

**12.**

The allegations contained in Paragraph Number 12 of the Plaintiff's Complaint are denied.

**13.**

This Defendant denies that the Plaintiff, at any time, purchased, used or provided any latex gloves manufactured by it. To the extent that any other allegations contained in Paragraph Number 13 of the Plaintiff's Complaint attempt to assert liability upon it, this Defendant will deny same.

**14.**

The allegations contained in Paragraph Number 14 of the Plaintiff's Complaint are denied.

**15.**

The allegations contained in Paragraph Number 15 of the Plaintiff's Complaint are denied.

**16.**

To the extent that any allegations contained in Paragraph Number 16 of the Plaintiff's Complaint assert that any product manufactured by this Defendant was in a defective condition or caused any injuries, same is denied.  With regard to any other allegations contained in Paragraph Number 16 of the Plaintiff's Complaint, this Defendant would state that it is without sufficient information or knowledge to form a belief as to the truth of said allegations and, therefore, will neither admit nor deny same.

**17.**

The allegations contained in Paragraph Number 17 of the Plaintiff's Complaint(including subsections 1 though 6)  are denied.

**18.**

The allegations contained in Paragraph Number 18 of the Plaintiff's Complaint are denied.

**19.**

The allegations contained in Paragraph Number 19 of the Plaintiff's Complaint are denied.

**20.**

To the extent that any allegations contained in Paragraph Number 20 of the

Plaintiff's Complaint (including subsections 1 though 7) assert liability in any manner whatsoever against this Defendant, same are denied.

**21.**

The allegations contained in Paragraph Number 21 of the Plaintiff's Complaint are denied.

**22.**

The allegations contained in Paragraph Number 22 of the Plaintiff's Complaint are denied.

**23.**

The allegations contained in Paragraph Number 23 of the Plaintiff's Complaint (including subsections 1 through 5) are denied.

The Defendant, **MAXXIM MEDICAL**, denies any and all allegations contained in the last unnumbered paragraph of the Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED" and further deny that the Plaintiff is entitled to any damages, judgment or recovery in any amount whatsoever.

**AND NOW**, having fully answered each and every allegation contained in the Plaintiff's Complaint wherein the Plaintiffs attempt to assert liability against it, and having denied any liability whatsoever in this matter, the Defendant, **MAXXIM MEDICAL** would assert the following affirmative defenses:

**<u>THIRD DEFENSE</u>**

Plaintiff's claims are preempted, in whole or in part, by the Supremacy Clause of the Constitution of the United States of America and by the Medical Device Amendments of 1976 to the Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et seq.*

## FOURTH DEFENSE

The injuries alleged by the Plaintiff is herein or may be due to the assumption of the risk on the part of plaintiff, if any such risks are found to exist, thereby barring plaintiff from recovery. Defendant Maxxim Medical will undertake sufficient discovery to determine the full extent of any such assumption of the risk defense, and this defense is set forth to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claim are established.

## FIFTH DEFENSE

The injuries and damages alleged by plaintiffs herein were or may have been due to the contributory and/or comparative negligence of the Plaintiff, thereby barring the Plaintiff from recovery. Defendant Maxxim Medical will undertake sufficient discovery to determine the full extent of any such contributory and/or comparative negligence defense, and this defense is set forth to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claim are established.

## SIXTH DEFENSE

Any injuries, losses and damages sustained by the Plaintiff were caused, if at all, by the acts or failure to act of others over whom Maxxim Medical had no control, and Maxxim Medical denies that the Plaintiff was injured as a result of her alleged contact with any latex gloves made by Maxxim Medical.

## SEVENTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

**EIGHTH DEFENSE**

Maxxim Medical owed the Plaintiff no duty to warn because he was a sophisticated user of latex rubber gloves.

**NINTH DEFENSE**

Maxxim Medical owed the Plaintiff no duty to warn because the healthcare facilities at which he worked, and which provided him with latex rubber gloves, were sophisticated users and purchasers of such gloves.

**TENTH DEFENSE**

To the extent that injuries and damages sustained by the Plaintiff, as alleged in Plaintiff' Complaint, were caused directly, solely and proximately by sensitivities, medical conditions and idiosyncracies peculiar to the Plaintiff not found in the general public, they were unknown, unknowable or not reasonably foreseeable to Defendant Maxxim Medical

**ELEVENTH DEFENSE**

Plaintiff' claims are or may be barred by the applicable statutes of limitation and repose, and, if so, should be dismissed.  Defendant MAXXIM MEDICAL will undertake sufficient discovery to determine the full extent of any such statute of limitation defense, and this defense is set forth to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claim are established.

**TWELFTH DEFENSE**

Plaintiff' claims may be barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.  Defendant Maxxim Medical  will undertake sufficient discovery to determine the full extent of any such defenses, and this defense is set forth to avoid waiving or being estopped to raise and rely on such defenses once the facts underlying such claims are established.

## THIRTEENTH DEFENSE

Any relevant latex rubber gloves designed, manufactured, sold, and distributed by Maxxim Medical complied with all applicable industry and governmental standards and regulations and reflected the current state of the art at the time they were manufactured.

## FOURTEENTH DEFENSE

The products of which the Plaintiff complains were not defective. If the Plaintiff has sustained any injuries as a result of his use of or exposure to the products at issue, which is denied, they relate to unavoidable, inherent characteristics necessarily associated with the products that could not be avoided under the current state of scientific knowledge at the time they were manufactured and for which MAXXIM MEDICAL cannot be held responsible.

## FIFTEENTH DEFENSE

The products of which the Plaintiff complains were not defective. While denying that plaintiff has sustained injuries as a result of his use of or exposure to the products at issue, at the time any relevant product left MAXXIM MEDICAL 's control, a practical and technically feasible alternative design that would have prevented the alleged harm was not available without substantially impairing the usefulness or intended purpose of the product. Consequently, Maxxim Medical did not act unreasonably in introducing the product into trade or commerce.

## SIXTEENTH DEFENSE

The Plaintiff has failed to state facts sufficient to sustain a recovery of punitive or exemplary damages under the applicable law.

## SEVENTEENTH DEFENSE

The Plaintiff has failed to state facts sufficient to sustain a recovery of expenses of litigation, including reasonable attorneys' fees.

## EIGHTEENTH DEFENSE

The Plaintiff may have misused the product described with full knowledge of any danger resulting from misuse, such misuse being unforeseen and unforeseeable to MAXXIM MEDICAL. If so, such actions may have legally caused and contributed to the injuries and damages, if any, Plaintiff claims. Defendant MAXXIM MEDICAL will undertake sufficient discovery to determine the full extent of any such defense, and this defense is set forth to avoid waiving or being estopped to raise and rely on such defense once the facts underlying such claims are established.

## NINETEENTH DEFENSE

The granting of punitive damages or other relief requested by the Plaintiff would be unconstitutional under the Mississippi and United States Constitutions in that it would violate due process and equal protection guarantees, place an undue burden on interstate commerce, and violate constitutional proscriptions against excessive fines.

## TWENTIETH DEFENSE

The Plaintiff has failed to join parties in whose absence complete relief cannot be afforded.

## TWENTY-FIRST DEFENSE

The Plaintiff has failed to plead fraud or related claims of fraudulent concealment or misrepresentation with sufficient particularity as required by the applicable pleading rules.

## TWENTY-SECOND DEFENSE

If the Plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to these alleged injuries, and therefore, any action on the part of **MAXXIM MEDICAL** was not the proximate and/or competent producing cause of the alleged injuries.

## TWENTY-THIRD DEFENSE

The Plaintiff's exposure, if any, to products for which Maxxim Medical  may be legally responsible was *de minimis*, so that **MAXXIM MEDICAL'S** product(s), if any, were not a substantial contributing factor to any condition for which the Plaintiff seeks recovery in this action.

## TWENTY-FOURTH DEFENSE

The injuries complained of by the Plaintiff were not proximately caused by the use of any of  **MAXXIM MEDICAL 'S** products as recommended or by any acts or omissions on the part of **MAXXIM MEDICAL** .

## TWENTY-FIFTH DEFENSE

**MAXXIM MEDICAL** hereby invokes the applicable provisions of §85-5-7 of the *Mississippi Code Annotated* with regard to the apportionment of fault.

## TWENTY-SIXTH DEFENSE

**MAXXIM MEDICAL** hereby adopts and incorporates by reference, as if set forth fully herein, any affirmative defenses listed by any other defendant in their Answer to the Plaintiff's Complaint to the extent that they are not factually inconsistent with **MAXXIM MEDICAL'S** position.

## TWENTY-SEVENTH DEFENSE

Defendant **MAXXIM MEDICAL** reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

Respectfully submitted, this the ___ day of September, 2002.

**MAXXIM MEDICAL**

**BY:** _____

**WADE G. MANOR**

**OF COUNSEL:**

**James P. Streetman, III (MSB # 7973)**
**Wade G. Manor (MSB 10167)**
**CLARK, SCOTT & STREETMAN, P.A.**
Post Office Box 13847
Jackson, Mississippi  39236-3847
Telephone:  (601) 977-0102
Facsimile:    (601) 957-0690

***BARRY EPSTEIN***
***BETH ROSE***
***ANDREW SCHWARTZ***
***Sills, Cummin, Radin, Tischman, Epstein & Gross***
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 643-7000

## CERTIFICATE OF SERVICE

I, Wade G. Manor, one of the counsel of record for Defendant, **MAXXIM MEDICAL** ,

do hereby certify that I have this date caused to be delivered, **via United States Mail,**

**postage prepaid** a true and correct copy of the above and foregoing Answer & Defenses

to the following:

**D. Neil Harris, Esq.**
**D. Neil Harris and Associates, P.A.**
P.O. Box 306
Pascagoula, MS 39568-0306
Attorney for the Plaintiff


**THIS** the        day of  September, 2002


_____
WADE G. MANOR


3090009 Answer and Defenses - Maxxim.wpd