**Gerald D. Wixted, Esquire**
**I.D. No. 54545**
**SMITH, STRATTON,**
**WISE, HEHER & BRENNAN, LLP**
600 COLLEGE ROAD EAST
PRINCETON, NEW JERSEY 08540
(609) 924-6000
ATTORNEYS FOR CRANBERRY (M) SDN.BHD

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. ROBERT MICHAEL ABRAHAM, | |
| | CIVIL ACTION NO. 02-CV-4606 |
| Plaintiff, | |
| | MDL No.: 1148 |
| vs. | |
| | IN RE: |
| SATARI CORPORATION; MAXXIM MEDICAL; FIRST MEDICAL ASSOCIATION; CRANBERRY (M) SDN.BHD; PATTERSON DENTAL SUPPLY CO.; JOHNSON & JOHNSON; BECTON DICKINSON AND COMPANY; SAFESKIN CORPORATION; KIMBERLY-CLARK CORPORATION; ALLEGIANCE HEALTHCARE CORPORATION; BAXTER HEALTHCARE CORPORATION; ANSELL PERRY; ANSELL PROTECTIVE PRODUCTS, INC.; SMITH & NEPHEW, INC.; HEALTH INDUSTRIES MANUFACTURERS ASSOCIATION; JOHN DOES 1-10, | LATEX GLOVE LITIGATION <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CRANBERRY (M) SDN.BHD TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

Defendant Cranberry (M) SDN.BHD ("Cranberry"), by and through its attorneys, Smith, Stratton, Wise, Heher & Brennan, LLP, hereby answers the Complaint as follows:

1-2. To the extent the allegations of paragraphs 1 through 2 state legal conclusions or opinions, Cranberry makes no response thereto. To the extent the allegations of paragraphs 1 through 2 may be deemed to constitute averments of facts,

Cranberry is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore deemed denied.

    3.    Cranberry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and they are therefore deemed denied.

    4-6.    To the extent the allegations of paragraphs 4 through 6 are directed towards other parties, Cranberry is without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are therefore deemed denied.  To the extent the allegations of paragraphs 4 through 6 are directed to Cranberry, Cranberry admits only that it has, at certain times, been in the business of the manufacture of latex patient examination gloves.  Except as specifically admitted herein, the remaining allegations of paragraphs 4 through 6 are denied.

    7-10.    Denied.

    11.    Cranberry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and they are therefore deemed denied.

    12.    Denied.

    13.    Cranberry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and they are therefore deemed denied.

    14-19.    Denied.

    20.    To the extent the allegations of paragraph 20 state a legal conclusion or opinion, Cranberry makes no response thereto.  To the extent the allegations of this paragraph may be deemed to constitute averments of facts, Cranberry is without knowledge of information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore deemed denied.

21. Denied.

22. To the extent the allegations of paragraph 22 are directed towards other parties, Cranberry is without knowledge or information sufficient to form a belief as to the truth of the allegations, and they are therefore deemed denied. To the extent the allegations of paragraph 22 are directed to Cranberry, Cranberry admits only that it has, at certain times, been in the business of the manufacture of latex patient examination gloves. Except as specifically admitted herein, the remaining allegations of paragraph 22 are denied.

23. Denied.

**WHEREFORE,** Defendant Cranberry (M) SDN.BHD demands judgment in its favor and against Plaintiff on the Complaint, dismissal of the Complaint with prejudice, reasonable costs and attorneys fees incurred in defending against this action, and any other relief deemed appropriate by the Court.

3

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Plaintiff's Complaint is barred because the Court lacks personal jurisdiction over Cranberry.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative and/or contributory negligence.

6. Plaintiff is barred from recovery, in whole or in part, by the doctrines of waiver, estoppel, and laches.

7. Plaintiff is barred from recovery, in whole or in part, by the "sophisticated user" doctrine.

8. Plaintiff is barred from recovery, in whole or in part, on the grounds that Plaintiff's claims are pre-empted by applicable federal law.

9. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to preserve and/or identify the allegedly defective products.

10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to demonstrate that there is a safer alternative design.

11. Plaintiff's claims are barred, in whole or in part, by the "risk/utility" doctrine.

4

12. Plaintiff's claims are barred, in whole or in part, by Plaintiff's alteration or misuse of the product.

13. Plaintiff's claims are barred, in whole or in part, because the product or products at issue comply with the customary and accepted practice of the industry at the time of manufacture and distribution.

14. Cranberry had no duty to warn Plaintiff because it reasonably relied upon a knowledgeable intermediary to convey appropriate warnings.

15. There is no privity between Cranberry on the one hand and Plaintiff on the other.

16. Plaintiff's claims may be barred in whole or in part to the extent the products complained of are "unavoidably unsafe" within the meaning of comment (k) to § 402 (A) of the Restatement (Second) of Torts.

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto.

18. While denying all of the allegations of the Complaint regarding liability, if Cranberry has any liability for loss or injury as alleged in the Complaint, said liability must be proportionate to the alleged harm or injury caused by other Defendants similarly responsible for the harm or injury at issue.

19. The negligence of Cranberry, if any, is so minimal when compared to the negligence of Plaintiff and other Defendants as to preclude recovery by Plaintiff or any other party against Cranberry.

20. Plaintiff fails to state a cause of action for fraudulent concealment upon which relief can be granted against Cranberry.

5

21. If it is determined that any warranties were provided by Cranberry, and that these warranties were breached, said allegation being specifically denied, it is denied that said breach was a proximate cause of Plaintiff's alleged injuries or damages.

22. Any product allegedly sold by Cranberry was produced in accordance with government and/or industry standard and/or via specifications, such that Cranberry is not liable for any alleged defect of design or manufacture.

23. While denying all of the allegations of the Complaint, to the extent Plaintiff may be able to prove any alleged injuries and/or damages, they were proximately caused by intervening and/or superseding actions, negligence and/or fault of the Plaintiff and/or other parties to this action over whom Cranberry had no control or right to control and for whose actions Cranberry is not liable.

24. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any negligence or fault on the part of Cranberry, it was not the proximate cause of any of the damages at issue.

25. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, they are the sole and proximate result of intentional, willful and/or unlawful acts of other parties and/or third persons, the occurrence of which was not foreseeable to Cranberry.

26. Cranberry acted in compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, and Plaintiff is barred from asserting claims against Cranberry on the basis of those actions.

27. Plaintiff has failed to join as Defendants certain indispensable parties whose presence is necessary to provide for a just adjudication of this suit.

28. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any such damages, it is asserted that such damages, if any, arose out of special or unusual medical susceptibilities and/or idiosyncratic reactions of Plaintiff for which Cranberry has no responsibility.

29. While denying all of the allegations of the Complaint regarding liability, injury and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any such damages, it is asserted that such damages, if any, arose out of pre-existing conditions or as a result of some event or exposure over which Cranberry had no control or right to control.

30. Plaintiff has no claim for punitive damages under applicable law.

31. Plaintiff's claim for punitive damages may be barred, in whole or in part, and/or constitute a violation of rights guaranteed to Cranberry under the United States Constitution and the Constitution of the State of Mississippi.

32. Cranberry adopts by reference all separate defenses heretofore and hereafter asserted by any and all other Defendants or other parties, except as such separate defenses may make allegations against Cranberry.

33. Cranberry reserves the right to amend or supplement its Answer or to assert additional defenses as may be disclosed by discovery.

**WHEREFORE,** Defendant Cranberry (M) SDN.BHD demands judgment in its favor and against Plaintiff on the Complaint, dismissal of the Complaint with prejudice, reasonable costs and attorneys fees incurred in defending against this action, and any other relief deemed appropriate by the Court.

                                    **SMITH, STRATTON, WISE,**
                                    **HEHER & BRENNAN, LLP**
                                    600 College Road East
                                    Princeton, New Jersey 08540
                                    (609) 924-6000
                                    Attorneys for Defendant
                                    Cranberry (M) SDN.BHD

                             By: _____
                                    Gerald D. Wixted, Esquire

Dated: October ___, 2002

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer and Affirmative Defenses of Cranberry (M) SDN.BHD to Plaintiff's Complaint has been served upon all counsel of record by first class U.S. Mail, postage prepaid, this ____ day of October, 2002.

_____
Gerald D. Wixted, Esquire